UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINDA SEVERSON, | Case No. 2:20-CV-1916 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| SMITH'S FOOD & DRUG CENTERS, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Lina Severson's motion for voluntary dismissal without prejudice. (ECF No. 9). Defendants Smith's Food & Drug Centers, Inc. ("Smith's") and Jason Sonnenburg responded in opposition (ECF No. 10) to which Severson replied. (ECF No. 13). Also before the court is Sonnenburg's motion to dismiss. (ECF No. 6).

**I.  Background**

Severson alleges that Smith's improperly maintained an unreasonably slick walkway near its store entrance. (ECF No. 1-1 ¶ 8). She sued Smith's and the store manager Jason Sonnenberg in Nevada State court, alleging negligence. (Id. at ¶ 10). Smith's filed an answer to Severson's complaint in state court (ECF No. 1-1 at 10–13) and removed the case to this court. (ECF No. 1). On October 19, 2020, Sonnenburg moved to be dismissed from the case, asserting that he was not employed by Smith's on the day of Severson's slip-and-fall. (ECF No. 6 at 2–3). Severson now moves to voluntarily dismissal the entire case. (ECF No. 9).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

If the opposing party has served either an answer or a motion for summary judgment, a case may be dismissed at the plaintiff's request "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A dismissal under Rule 41(a)(2) is without prejudice. *Id.* The Ninth Circuit has stated that "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Id.*

## III. Discussion

Defendants oppose dismissal of the entire case. (ECF No. 10). They ask the court to dismiss Sonnenburg only. (*Id.* at 4). They assert that they will suffer legal prejudice because Severson is forum shopping and they have incurred expenses in removing this case to federal court and filing a motion to dismiss Sonnenburg. (*Id.* at 2, 4). That is, Severson wants to "re-file in state court but this time . . . name an employee resident that was working at the store at the time of the alleged accident" to engineer a diversity jurisdiction-proof case. (*Id.* at 2).

A defendant does not suffer legal prejudice merely because it "faces the prospect of a second lawsuit" or because the plaintiff "gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). Incurring minimal expenses in defending a lawsuit does not amount to legal prejudice either. *Id.*; *United States v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999) ("Plain legal prejudice may be shown where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable").

The expenses incurred by Smith's at this stage do not make dismissal prejudicial. And Severson's litigation tactics are not the kind of prejudicial forum shopping that Smith's cites in its opposition to dismissal. *See Cent. Montana Rail v. BNSF Ry. Co.*, 422 F. App'x 636, 638 (9th Cir. 2011) (finding that the defendant "could face litigation in state court of a

**James C. Mahan**
**U.S. District Judge**

- 2 -

claim that had reached the summary judgment stage in federal court after almost four years of litigation"); *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389–90 (9th Cir. 1986) (finding prejudicial forum shopping where the plaintiff sought to avoid a specific judge). Smith's can always remove Severson's second case and argue that she fraudulently joined a non-diverse defendant to defeat federal jurisdiction.

Because Smith's will not suffer legal prejudice if this case is dismissed at this stage, Severson's motion for voluntary dismissal without prejudice is granted.

**IV.  Conclusion**

Accordingly, with good cause appearing and no reason to delay,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Severson's motion for voluntary dismissal without prejudice (ECF No. 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Sonnenburg's motion to dismiss (ECF No. 6) be, and the same hereby is, DENIED as moot.

The clerk shall close the case.

DATED December 4, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**